```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


DAVID HAUSER,                   :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:16cv1694(RNC)
                                :
GENERAL CABLE INDUSTRIES,       :
INC.,                           :
                                :
     Defendant.                 :
```

RULING ON DEFENDANT'S MOTION TO COMPEL

The plaintiff brings this action against his former employer, General Cable Industries, Inc., alleging that the defendant violated the Family Medical Leave Act, 29 U.S.C. § 2612 et seq. and the Connecticut Fair Employment Practices Act, Conn Gen. Stat. § 46a-60 et seq.  Pending before the court is the defendant's motion to compel.[1]  (Doc. #34.)

I.  Procedural Background

On December 14, 2016, the defendant served its First Set of Discovery Requests.  The plaintiff's responses were due January 13, 2017.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  On December 27, 2016, the plaintiff filed a motion for extension of time until February 13, 2017 in which to respond to the requests.  (Doc. #21.)  The court granted the motion.  (Doc. #23.)

When plaintiff did not meet the deadline, defense counsel both called and emailed plaintiff's counsel.  (Doc. #34, Baskin Aff.

---

[1] U.S. District Judge Robert N. Chatigny referred the motion to the undersigned.  (Doc. #35.)

¶6.) On February 28, 2017, plaintiff's counsel served some responses to defendant's discovery requests. (Baskin Aff. ¶7.)

On March 6, 2017, defense counsel contacted plaintiff's counsel regarding deficiencies in the plaintiff's discovery responses. (Baskin Aff. ¶11.) On March 10, 2017, the parties conferred. (Baskin Aff. ¶13.) Plaintiff's counsel stated that he would speak to the plaintiff in the next couple of days and agreed to produce all outstanding information. (Baskin Aff. ¶13.)

As of March 20, 2017, defense counsel still had not received plaintiff's supplemental responses and contacted plaintiff's counsel. (Baskin Aff. ¶14.) On March 28, 2017, counsel spoke. (Baskin Aff. ¶16.) Plaintiff's counsel disclosed that he had been unable to reach his client. He said that the supplemental responses would be provided once he was able to contact the plaintiff. (Baskin Aff. ¶16.)

On April 7, 2017, defense counsel again contacted plaintiff's counsel regarding the outstanding discovery responses. (Baskin Aff. ¶18.) Plaintiff's counsel reported that he was still unable to reach his client but had sent him a certified letter. (Baskin Aff. ¶19.) Plaintiff's counsel produced some supplemental responses.[2] (Doc. #34, Ex. I.)

---

[2]As to some requests, the plaintiff asserted an objection and then provided a response "subject to" or "without waiving" the objection. This practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request and, importantly, is not contemplated by the Federal Rules of Civil

II. Discussion

On April 24, 2017, the defendant filed the instant motion. As relief, the defendant seeks to compel the plaintiff to provide complete responses to Interrogatories 4, 7, 10, 11, 13, 14, 15 and 17 and Requests for Production 13, 15, 17, 23 and 35 - 37. The defendant also requests an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5).

The plaintiff's opposition to the defendant's motion to compel was due May 18, 2017. See D. Conn. L. Civ. R. 7 ("memoranda in opposition to any motion shall be filed with twenty-one (21) days of the filing of the motion.") The plaintiff filed nothing in response to the defendant's motion.[3]

The defendant's motion to compel is GRANTED. See D. Conn. L.

---

Procedure. As observed by Professor Moore, "[i]f the responding party both answers and objects to the interrogatory at the same time, the objection may be deemed waived, and the answer, if responsive, will stand." 7 James Wm. Moore et al., Moore's Federal Practice § 33.174[1], at p. 33-105 (3rd ed. 2014). As to requests for production, Rule 34 was amended in 2015 to require that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." See Rule 34(b)(2)(C).

[3] On April 28, 2017, before the defendant's motion was ripe, the court scheduled oral argument on the motion to be heard on June 21, 2017. (Doc. #36.) The order expressly notified the plaintiff that "[t]he scheduling of oral argument does not relieve the opposing party of its obligation to file responsive papers. If no opposition is filed, oral argument may be canceled and the motion may be granted." (Doc. #36.) The court subsequently rescheduled oral argument to June 28, 2017 and again notified the plaintiff that "if no opposition [to the motion to compel] is filed, oral argument may be canceled and the motion may be granted." (Doc. #37.)

Civ. R. 7 ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . .") Plaintiff shall serve complete responses to the discovery requests at issue within 14 days of this order. See D. Conn. L. Civ. R. 37(d)("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen days of the filing of the Court's order.").

The defendant also requests an award of attorneys' fees and costs incurred in making the instant motion. If a motion to compel discovery is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

On the record before the court, no exception applies. The defendant's request is granted. The parties shall meet and confer in a good faith effort to reach an agreement on the amount of costs and reasonable attorneys' fees incurred by the defendant in making this motion. If they are unable to reach an agreement, the defendant may file an affidavit by June 14, 2017 itemizing the

4

costs and fees it seeks. See, e.g., Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008)(in fee awards, court considers whether the rates at which compensation is sought are those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of reasonably expended hours). Plaintiff's response as to the amount requested is due within 21 days of the defendant's application.

Litigants "have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990). Failure to comply with court orders may, and likely will, result in the imposition of sanctions. Possible sanctions include dismissal of the complaint. See Fed. R. Civ. P. 37.[4]

---

[4]Rule 37(b)(2)(A) provides:

If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii)striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii)treating as contempt of court the failure to obey

Plaintiff's counsel shall serve a copy of this order on his client.

SO ORDERED at Hartford, Connecticut this 25th day of May, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

any order except an order to submit to a physical or mental examination.